Howard W. JOPLIN, d/b/a American Research Pest Control Co., Plaintiff-Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Appellee.

No. 81–2078.

United States Court of Appeals, Tenth Circuit.

March 9, 1982.

Howard W. Joplin, pro se.

Mary R. Whitten, Oklahoma City, Okl., for defendant-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order dismissing appellant, Howard W. Joplin's civil action under Fed.R.Civ.P. 41(b). Joplin, appearing *pro se* throughout these proceedings, originally brought his civil action against Southwestern Bell Telephone Company ("company") for breach of contract and libel in state court. The company successfully petitioned for removal to United States district court.

Although the record is sparse, it can be inferred that a pretrial conference was scheduled for April 17, 1981. Apparently, in anticipation of the conference, the district court mailed instructions to the parties requiring them to file a pretrial memorandum no later than fifteen days in advance of the pretrial conference. The instructions apparently warned that failure to file this memorandum would constitute sufficient grounds for dismissal of the action.

The record reveals that on April 3, 1981 the district court dismissed Joplin's action for failure "*of counsel* to file pretrial statement as directed by the court." (Emphasis added). Promptly thereafter Joplin moved to have the order set aside and stated that he had received only a list of cases scheduled for pretrial conference, implying that he had not received the court's instructions. The court granted his motion and rescheduled the pretrial conference for July 15, 1981. On July 2, 1981, the district court entered another minute order again "dismissing said cause for failure *of counsel* to file an agreed pretrial memorandum in accordance with the court's instructions." (Emphasis added). The court thereafter denied Joplin's subsequent motion to vacate the order of dismissal, and this appeal followed.

█ Within its sound discretion, a district court may dismiss an action *sua sponte* for want of prosecution and we will review only for abuse of discretion. *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979). We must examine the procedural history of each case to make such a determination. *Id.*

The facts underlying *Petty*, however, presented much more egregious behavior on the part of the plaintiff than in the instant case and the penalty was far less severe. In *Petty* the plaintiff failed on two separate occasions to appear for a court hearing. As a result, the district court dismissed plaintiff's action but *without prejudice*. However, under Rule 41(b), "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, ... operates as an adjudication upon the merits." Thus, Joplin faces a much harsher penalty. Under similar facts, the Fifth Circuit reversed an order of dismissal that in effect precluded a party from refiling his claim due to the running of the statute of limitations when the failure to comply with the order was not intentional or contumacious and less severe sanctions had not been employed. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).

In the instant case, Joplin made significant efforts to comply with the court's pretrial instructions. In an affidavit Joplin advised the court that he had contacted the company to arrange for the preparation of a pretrial memorandum. He went to the office of the company's attorney for approval of his pretrial memorandum and, when its attorney did not agree to the memorandum, Joplin submitted his signed pretrial "order" with an explanation to the court five days before the memorandum was due. For reasons unknown, this order was not accepted for filing and is not part of the record. Moreover, the company in an affidavit indicates that several days before the deadline for the memorandum Joplin was apparently incarcerated.

There is no evidence in the record of any intentional delay, contumaciousness, or bad faith on the part of the appellant. *See Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981); *Carter v. City of Memphis*, 636 F.2d 159 (6th Cir. 1980); *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). Nor did Joplin's actions constitute grossly negligent behavior or nonfeasance. *See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir. 1979); *Affanato v. Merrill Bros.*, 547 F.2d 138 (1st Cir. 1977).

The initial shortcoming confronting this court is that the district court's minute order fails to set forth what factual findings, considerations, and legal reasoning it relied upon in arriving at its order of dismissal. *See NHL v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). When the term "discretion" is "invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931). Under the circumstances of this case, the court's dismissal of Joplin's cause of action constituted an abuse of discretion. Therefore, we vacate the district court's order and remand this matter with directions to reinstate Joplin's cause of action.

VACATED AND REMANDED. The mandate shall issue forthwith.