**D G SHELTER PRODUCTS COMPANY,
a California corporation,
Plaintiff-Appellee,**

v.

**FOREST PRODUCTS COMPANY, a
New Mexico corporation,
Defendant-Appellant.**

No. 84–2024.

United States Court of Appeals,
Tenth Circuit.

July 30, 1985.

Dan A. McKinnon, III of Marron, McKinnon & Ewing, Albuquerque, N.M., for defendant-appellant.

Lourdes A. Martinez of Campbell & Black, P.A., Santa Fe, N.M., for plaintiff-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.

The facts of this case are simple and undisputed. The plaintiff ("Shelter") brought an action alleging breach of contract and breach of warranty against the defendant ("Forest") on October 6, 1983. On November 30, 1983, Forest filed its answer and discovery went forward. On April 9, 1984, Shelter filed its motion for summary judgment, copies of which had been mailed to Forest on April 6, 1984. Pursuant to local rule 9(j)(2), Forest's response was due April 19, 1984. On April 25, 1984, six days after Forest's response was due, counsel for Forest requested from Shelter's counsel an extension of time until April 27 to respond to the motion for summary judgment. On May 10, 1984, Forest still had not filed a response to plaintiff's motion for summary judgment. Therefore, pursuant to local rule 9(h),[*] the district court entered an order granting Shelter's summary judgment motion, holding that Forest's failure to respond constituted consent to the granting of the motion. On May 14, 1984, Forest filed a motion under Rule 60(b) for an order vacating the district court's grant of summary judgment. This motion was denied by the district court, which held that Forest's counsel had failed to offer any reason for his failure to respond in his initial brief and that the reason given in the reply brief—that Forest's

---

[*] The rule provides:

A failure to file a brief or a memorandum of points and authorities in support of or in opposition to any motion shall constitute a consent on the part of the party failing to file such brief or memorandum to the denial or to the granting of the motion.

counsel was ill and preoccupied with other legal matters—was insufficient cause for the failure to respond to plaintiff's motion for summary judgment. This is not a case of an inadvertent slip-up resulting from a date not being entered or being erroneously noted. *See Gamble v. Pope & Talbot Inc.*, 307 F.2d 729 (3rd Cir.1962). Forest's counsel admitted that he had requested and received an extension from Shelter's counsel, albeit six days after the response was due. Therefore, Forest's counsel was not unaware that a response was due. Forest's counsel asserts that he was surprised by the entry of the district court's order because of the past laxness he has experienced in the district court. The court's prior long suffering does not alter the analysis, however.

While the severe sanction of dismissal is an available remedy for failure of counsel, we have indicated that the court should explicitly weigh whether sanctions against the offending attorney will not serve the court's legitimate purposes in imposing sanctions.

> It is clear from the record in this case that the interference with sound management of the court was the fault of the lawyers on whom the sanction was imposed—not their clients. It is the trial court's duty, within the spirit of its total powers, including Rule 16, to impose sanctions and compensating awards of expenses, including attorney's fees, in a manner designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of action should be lodged.

*In re sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir.1984) (en banc). *See Hollis v. United States*, 744 F.2d 1430, 1433 (10th Cir.1984) (dismissal too severe as sanction; monetary sanction against attorneys should be considered).

We are satisfied that sanctions are appropriate in this case. However, since the court did not have the benefit of our opinions in the two cited cases when the decision was made in this case, we have determined to remand so that the court can consider its action in light of those cases.

Reversed and remanded.