Ben A. Goff (Gloyd L. McCoy, on brief), Oklahoma City, Okl., for plaintiff-appellant.

Katie J. Colopy (David E. Strecker, of Conner & Winters, with her on brief), Tulsa, Okl., for defendant-appellee.

Before LOGAN and MOORE, Circuit Judges, and JOHNSON, District Judge.*

**Earley R. WOODMORE, Plaintiff-Appellant,**

v.

**GIT–N–GO, Defendant-Appellee.**

No. 84–2224.

United States Court of Appeals, Tenth Circuit.

May 20, 1986.

Rehearing Denied July 15, 1986.

PER CURIAM.

Plaintiff, Earley R. Woodmore, appeals the dismissal of his civil rights action against defendant, Git-N-GO, Inc., for failure to submit a pretrial memorandum.

Plaintiff brought a race discrimination suit against Git-N-Go in the Eastern District of Oklahoma in 1984, which also contained a pendent state claim for intentional infliction of emotional distress. Both parties were represented by counsel, who received a form letter from the court clerk, instructing them to meet with each other and submit a pretrial memorandum to the court. The memorandum is required by

---

* The Honorable Alan Johnson, United States District Judge for the District of Wyoming, sitting by designation.

Rule 17 of the Rules of the United States District Court for the Eastern District of Oklahoma [hereinafter cited as Local Rule 17].

The first paragraph of the letter to counsel stated: *"... [T]his pre-trial memo must be filed with the court no later than 4:30 p.m. on August 1, 1984. Failure to file said memo shall be sufficient grounds for the court to summarily dismiss said action or enter such order as the facts may warrant."* R.Supp. I, 2 (emphasis in original). Local Rule 17(e) provides:

> "Failure to comply with the Order of the Court setting a pretrial conference by not attending or failing to comply with the instructions contained in the notice thereof shall subject the case to an Order of Dismissal or Entry of Judgment, as shall be determined by the Court."

This local rule, which we read as requiring exercise of the court's discretion, is consistent with the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 16(f) (court may impose sanctions for failure to obey pretrial order or failure to participate); Fed.R. Civ.P. 41(b) (court may dismiss suit for failure to obey any court order). *See also Stanley v. Continental Oil Co.,* 536 F.2d 914, 917 (10th Cir.1976) (court has inherent authority to dismiss for failure to prosecute).

The pretrial memorandum was not filed by August 1; on the following day the district court, sua sponte, dismissed plaintiff's case without prejudice, citing Local Rule 17. Plaintiff appealed the dismissal order.[1]

The Supreme Court has held that a dismissal because of a lawyer's repeated failures to meet court requirements does not penalize a client unjustly. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). That case reserved decision on whether a single incident—in *Link* an unexplained absence from a pretrial conference—would justify dismissal. *Id.* at 634, 82 S.Ct. at 1390.

In *Joplin v. Southwestern Bell Telephone Co.,* 671 F.2d 1274 (10th Cir.1982), we reversed the same district court involved here when it dismissed a case with prejudice for failure to file a pretrial memorandum. The pro se litigant in *Joplin* had made significant efforts to comply with the court's pretrial instructions. The litigant filed an affidavit stating that he had contacted defense counsel for assistance and submitted a pretrial "order" with an explanation to the court before the memorandum was due. The court had not accepted the memorandum for filing. *Id.* at 1275–76. In those circumstances, we found the dismissal was an abuse of the court's discretion.

*Joplin* is distinguishable on its facts and does not require reversal in this case. But other recent Tenth Circuit sanction cases do require reversal. In *In re Baker,* 744 F.2d 1438 (10th Cir.1984), the en banc court emphasized the trial court's power to impose sanctions. But we strongly stressed that the punishment be imposed on the person at fault:

> "It is the trial court's duty, within the spirit of its total powers, including Rule 16, to impose sanctions and compensating awards of expenses, including attorney's fees, in a manner designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged."

*Id.* at 1442.

In contemporaneous cases we concluded that dismissal was too severe a sanction for attorney error, *see Hollis v. United States,* 744 F.2d 1430, 1433 (10th Cir.1984), or remanded for the trial court's statement as to *why* the particular circumstances demonstrated a need for the sanction imposed, *see In re Russell,* 746 F.2d 1419, 1420 (10th

---

1. Because of the short limitations statute for Title VII actions, Woodmore apparently cannot refile that portion of his action. *See* 42 U.S.C. § 2000e–5(f)(1). He may have time to refile his claims under 42 U.S.C. § 1981 and for infliction of emotional distress. He apparently has made no attempt to refile but has an unemployment compensation case pending in an Oklahoma state court which raises discrimination issues connected to his discharge.

Cir.1984). In another case we remanded for reconsideration because the trial court did not have the benefit of our recent opinions in this area. *DG Shelter Products Co. v. Forest Products Co.*, 769 F.2d 644 (10th Cir.1985). In *Shelter Products* we suggested that the trial court must expressly consider the alternative of attorney sanctions. *Id.* at 645.

In the case before us the record does not demonstrate any default other than failure to meet the trial court's deadline for a pretrial memorandum; the default appears to be that of the attorney; the trial court neither held a hearing nor invited responses as to what sanctions should be applied; it did not explain why dismissal was the most appropriate sanction.

We hold that, when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal. We realize, of course, that in the instant case the district court made its decision before we issued the opinions cited above to this effect. Thus the district court did not have the benefit of those rulings. We therefore consider it appropriate to reverse and remand for reconsideration in light of those cases.

IT IS SO ORDERED.