**In re John Ercy WILKINSON, Debtor.**

**BURGER KING CORPORATION, Plaintiff,**

**v.**

**John Ercy WILKINSON, Defendant.**

**Bankruptcy No. 85–20111–7C.
Adv. No. 87–0248.**

United States Bankruptcy Court,
D. Kansas.

Aug. 24, 1988.

Dan E. Turner and Phillip Turner, Topeka, Kan., for debtor, defendant.

J.B. King, of Fisher, Patterson, Sayler & Smith, Topeka, Kan., Scott Alan Orth, of Hall & O'Brien, P.A., Miami, Fla., for plaintiff.

Carl R. Clark, Mission, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on June 30, 1988, on plaintiff Burger King Corporation's motion to reconsider, alter, or amend order of dismissal, and motion to file response out of time. The plaintiff appeared through counsel, J.B. King. The defendant, John Ercy Wilkinson, appeared through counsel, Phillip Turner.

### FINDINGS OF FACT

After hearing statements of counsel, examining the files, exhibits and statements therein, the Court finds as follows:

1. On January 30, 1985, John Ercy Wilkinson (Case No. 85–20111), Marianne Wilkinson (Case No. 85–20112), and B–K of Kansas, Inc. (Case No. 20110) filed separate petitions for relief under chapter 11 of Title 11, United States Code.

2. This Court takes judicial notice of all relevant pleadings in the above captioned bankruptcy case files.

3. On April 9, 1987, after various long and protracted court battles between Burger King Corporation and the above chapter 11 debtors, this Court converted the cases from chapter 11 to chapter 7 of Title 11, United States Code.

4. On October 20, 1987, the last day for filing complaints under section 523, Burger King Corporation filed the instant complaint (Adversary No. 87–0248) to determine the dischargeability of a debt under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) against *both* John Ercy Wilkinson and Marianne A. Wilkinson.

5. On November 18, 1987, John Wilkinson filed a motion to strike the complaint on various grounds including that it improperly joined the two bankruptcy cases.

6. On December 16, 1987, Burger King Corporation filed a motion for leave to amend the complaint to delete any references to Marianne Wilkinson (Case No. 85–20112). That same day the Court granted Burger King Corporation leave.

7. On December 23, 1987, Burger King Corporation filed the amended complaint.

8. On December 28, 1987, Wilkinson filed a notice of appeal of this Court's order granting leave to amend and motion to stay order pending appeal.

9. On January 25, 1988, this Court denied the debtor's motion to stay pending appeal.

10. On March 23, 1988, Wilkinson filed a motion to dismiss the amended complaint on various grounds including lack of service of process and lack of jurisdiction. On March 24, 1988, this Court set the matter for hearing on May 2, 1988.

11. On March 29, 1988, the Honorable Dale E. Saffels, United States District Judge for the District of Kansas, denied Wilkinson's application for leave to appeal interlocutory order.

12. On April 28, 1988, Wilkinson submitted an order to this Court sustaining the motion to dismiss due to Burger King's failure to file a written response within 20 days as required by Local U.S. District Court Rule 206(b). That same day this Court signed the Order of Dismissal and notified the parties that the May 2, 1988 hearing was no longer necessary.

13. On May 6, 1988, Burger King Corporation filed a motion to reconsider, alter, or amend the order of dismissal and a motion to file their response to the motion to dismiss out of time.

14. On May 17, 1988, Wilkinson filed a response to both motions.

15. On May 23, 1988, Burger King Corporation filed a reply to the response.

16. On June 30, 1988, this Court heard both motions and took the matters under advisement.

### CONCLUSIONS OF LAW

The plaintiff, Burger King Corporation, presents two arguments in support of setting aside the order of dismissal and allowing the responses to be filed out of time, one procedural and one substantive.

■ Procedurally, the plaintiff argues that this Court should not have signed the order of dismissal because the adverse party submitted the order without being directed to do so in violation of F.R.C.P. 58. As such, the plaintiff argues that they had no opportunity to object to the issuance of the order. However, this Court must reject this argument as a reason to overturn the order. This Court has since allowed the plaintiff the opportunity to object through the subsequent motions to reconsider and file out of time.

■ Substantively, the plaintiff primarily argues that, under Tenth Circuit cases and other case law, the dismissal was too severe a sanction and was an abuse of discretion. For the following reasons, this Court does *not* agree.

The Tenth Circuit case of *Woodmore v. Git–N–Go*, 790 F.2d 1497 (10th Cir.1986) recently addressed the use of dismissal as a sanction and the standards for abuse of discretion. In *Woodmore*, a local rule of the United States District Court for the Eastern District of Oklahoma required that parties submit a pretrial order by a Court ordered date, and that failure to do so would result in dismissal. The plaintiff failed to timely submit the pretrial order and on the following day the District Court sua sponte dismissed the case. The Tenth Circuit first reviewed the case law in this area:

> The Supreme Court has held that a dismissal because of a lawyer's repeated failures to meet court requirements does not penalize a client unjustly. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). That case reserved decision on whether a single incident—in *Link* an unexplained absence from a pretrial conference—would justify dismissal. *Id.* at 634, 82 S.Ct. at 1390.
>
> In *Joplin v. Southwestern Bell Telephone Co.*, 671 F.2d 1274 (10th Cir.1982), we reversed the same district court involved here when it dismissed a case with prejudice for failure to file a pretrial memorandum. The pro se litigant in *Joplin* had made significant efforts to comply with the court's pretrial instructions. The litigant filed an affidavit stating that he had contacted defense counsel for assistance and submitted a pretrial "order" with an explanation to the court before the memorandum was due. The court had not accepted the memorandum for filing. *Id.* at 1275–76. In those circumstances, we found the dismissal was an abuse of the court's discretion.
>
> *Joplin* is distinguishable on its facts and does not require reversal in this case. But other recent Tenth Circuit sanction cases do require reversal. In *In re Baker*, 744 F.2d 1438 (10th Cir.1984), the en banc court emphasized the trial court's power to impose sanctions. But we strongly stressed that the punishment be imposed on the person at fault:
>
>> "It is the trial court's duty, within the spirit of its total powers, including Rule 16, to impose sanctions and compensating awards of expenses, including attorney's fees, in a manner designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged."
>
> *Id.* at *1442*.
>
> In contemporaneous cases we concluded that dismissal was too severe a sanction for attorney error, *see Hollis v. United States*, 744 F.2d 1430, 1433 (10th Cir.1984), or remanded for the trial court's statement as to *why* the particular circumstances demonstrated a need for the sanction imposed, *see In re Russell*, 746 F.2d 1419, 1420 (10th Cir.1984). In another case we remanded for reconsideration because the trial court did not have the benefit of our recent opinions in this area. *DG Shelter Products Co. v. Forest Products Co*, 769 F.2d 644 (10th Cir.1985). In *Shelter Products* we suggested that the trial court must expressly consider the alternative of attorney sanctions. *Id.* at 645.

*Id.* at 1498–99. The Court went on to reverse and remand:

In the case before us the record does not demonstrate any default other than failure to meet the trial court's deadline for a pretrial memorandum; the default appears to be that of the attorney; the trial court neither held a hearing nor invited responses as to what sanctions should be applied; it did not explain why dismissal was the most appropriate sanction.

We hold that, when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal. We realize, of course, that in the instant case the district court made its decision before we issued the opinions cited above to this effect. Thus the district court did not have the benefit of those rulings. We therefore consider it appropriate to reverse and remand for reconsideration in light of those cases.

In compliance with *Woodmore* and the other Tenth Circuit cases cited therein, this Court has already held a hearing, read briefs on the issue, and will now explain why dismissal is the most appropriate sanction rather than attorney's fees.

First, this is not a case like *Woodmore* in which the attorneys just failed to get a pretrial order on time. This case involves the failure to respond to a motion to dismiss of a section 523 complaint. Motions to dismiss are always serious matters. The plaintiff knows this and should have been extra diligent in responding. In addition, a section 523 complaint is an extremely important matter in that the essence of the right of the debtor granted under the federal bankruptcy statute is on the line, namely the discharge of certain debts. A plaintiff should be prepared to proceed to trial with all due diligence when he files such a suit.

Second, the plaintiff's purported showing of "excusable neglect" is wholly without merit. At one point, the plaintiff indicates that they thought that, by setting the motion to dismiss for oral argument, this Court would allow them to just show up and argue without a written response. At another point, they indicate that they planned to file a written response at the hearing. I am not sure which excuse to believe. However, either excuse is insufficient. The plaintiff has experienced and seasoned counsel who is aware that a written response on the day of hearing will not aid the Court in deciding the case from the Bench. The plaintiff attempts to evade this by stating that the debtor's motion was so frivolous and full of "red herrings" that this Court would not have needed a written response to decide the issue. I have read the debtor/defendant's motion and do not agree.

Third, this is not a "single incident" case like *Woodmore* or the cases cited therein. Certainly the plaintiffs missed just one response date. However, that error is one among many abuses that date back through the main bankruptcy case. This court must view this error and even this entire adversary in the context of the main bankruptcy cases. The parties have been waging a bitter battle over a Burger King franchise dating back to 1985, the filing of the bankruptcies. The parties have been completely uncooperative with each other and the fight has been reduced to clashes of personalities. Each side has abused this Court's local rules time after time and has sorely tested this judge's patience. Inevitably, when one side or the other has filed a motion, the other side will either miss the response date or ask for multiple extensions. When that happens the first party will strenuously object. The voluminous docket sheets of the main case files and of even this adversary case point this out time after time. This Court has been extremely patient with these parties up to this point. However, the Court finds that it must at some point regain some kind of control of this case and dismissal is the appropriate sanction to do just that.

IT IS THEREFORE, BY THE COURT, ORDERED that the plaintiff's Burger King Corporation, motion to reconsider, alter, or amend the order of dismissal is DENIED.

IT IS FURTHER, BY THE COURT, OR-
DERED That the plaintiff's motion to file
response out of time is DENIED.