**In re Robin LEACH, Alleged Debtor.**

**Bankruptcy No. 88–20238–7I.**

United States Bankruptcy Court,
D. Kansas.

July 21, 1989.

F. Stannard Lentz, Lentz & Clark, Overland Park, Kan., for alleged debtor.

Donald E. Bucher, Gould & Moore, P.C., Kansas City, Mo., for Lawrence Nat. Bank.

Carol Park Wood, Wichita, Kan., U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

On January 13, 1989, this matter came for hearing on the alleged debtor's, Robin Leach, motion to amend judgment pursuant to F.R.C.P. 59(e) to allow costs and attorney's fees against the petitioning creditor, Lawrence National Bank. The debtor appeared by and through counsel, F. Stannard Lentz. Lawrence National Bank appeared by and through its counsel, Donald E. Bucher.

## FINDINGS OF FACT

Based on the pleadings and the record, this Court finds as follows:

1. On February 23, 1988, petitioning creditor, Lawrence National Bank, filed an involuntary chapter 7 petition against Robin Leach.

2. On March 14, 1988, the alleged debtor answered the petition.

3. After several continuances, on July 25, 1988, this Court conducted a hearing on whether an order for relief should be entered. The hearing revolved around whether there was a bonafide dispute between the Bank and Leach. At the hearing, Mr. Lentz, attorney for the alleged debtor, reserved the right to request attorney's fees under 11 U.S.C. section 303. This Court took the bonafide dispute issue under advisement.

4. On October 24, 1988, this Court issued a Memorandum Opinion and Order dismissing the involuntary petition on the grounds that a bonafide dispute existed between the parties. 92 B.R. 483. This Court did not make a finding as to attorney's fees.

5. On November 7, 1988, the alleged debtor filed a motion to amend judgment pursuant to F.R.C.P. 59(e) to allow costs of $520.15 and attorney's fees of $11,215.00 against the petitioning creditor. On December 6, 1988, the clerk noticed a hearing on the motion for January 13, 1989.

6. On January 12, 1989, just one day prior to the hearing, the Bank filed a memorandum in opposition to the motion to amend judgment to include costs and attorney's fees.

7. On January 13, 1989, this Court conducted the hearing on awarding of costs and attorney's fees. However, as a preliminary matter, Mr. Lentz, counsel for the debtor asked this Court to strike the Bank's memorandum as untimely under Kansas District Court Local Rule 206 and to consider his motion to be uncontested. After hearing arguments from Mr. Lentz and Mr. Bucher, counsel for the Bank, this Court requested that the parties file briefs on the issue of the timeliness of the Bank's response and took that issue plus the underlying issue of attorney's fees under advisement.

## CONCLUSIONS OF LAW

There are two issues this Court must consider: (1) Whether the Bank's response to the alleged debtor's motion to amend judgment to allow costs and attorney's fees was untimely under D.Kan. Rule 206 and therefore should not be considered by the Court; and (2) Whether this Court should award costs and attorney's fees to the alleged debtor and against the Bank under Bankr. Section 303(i).

1. *Bank's Written Response is Out of Time Under D.Kan. Rule 206 and Will Not Be Considered By The Court.*

D.Kan. Rule 206(b) provides that a party opposing a motion shall, within 10 days after service of the motion on him, file a written response to the motion containing a short, concise statement of his opposition to the motion, and if appropriate, a brief or memorandum in support thereof. D.Kan.

Rule 206(g) goes on to state that the failure to file a response within the time specified shall constitute a waiver of the right to file such a response, except upon a showing of excusable neglect, and that the motion will be considered uncontested.

This Court finds that the Bank's response was nearly two months out of time. On November 7, 1988, the alleged debtor filed a motion to amend judgment pursuant to F.R.C.P. 59(e) (Bankruptcy Rule 9023) to allow costs of $520.15 and attorney's fees of $11,215.00 against the petitioning creditor; and attached was a certification that a copy had been mailed to Mr. Bucher. On December 6, 1988, the clerk noticed a hearing on the motion for January 13, 1989. On January 12, 1989, just one day prior to the hearing, the Bank filed a memorandum in opposition to the motion to amend judgement to include costs and attorney's fees.

The Bank presents two arguments against the enforcement of Rule 206. First, the Bank asserts that a conflict exists between Bankruptcy Rule 9014 and D.Kan. Rule 206 such that Rule 206 does not apply in bankruptcy court. Second, the Bank asserts that if D.Kan. Rule 206 does apply in the bankruptcy forum, then the Bank's reliance on Bankruptcy Rule 9014 constitutes "excusable neglect" such that this Court may still consider its untimely response.

■ This Court finds both of the Bank's arguments unpersuasive. It is clear that the Local Rules of the District Court apply to proceedings in the United States Bankruptcy Court. D.Kan. Rule 802 states: "These Local District Court Rules govern practice and procedure in this district of all cases under Title 11 United States Code and of all civil proceedings arising under, in or related to title 11." Moreover, the Local Rules of the Bankruptcy Court for the District of Kansas also state: "The Rules of Practice of the United States District Court for the District of Kansas, insofar as they are not inconsistent with the Bankruptcy Code, Rules and Forms or these Local Rules, are applicable to the United States Bankruptcy Court for the District of Kansas." L.B.R. 1(B).

The Bank further argues that Bankruptcy Rule 9014 conflicts with D.Kan. Rule 206 and therefore supersedes the rule. Bankr.Rule 9014 reads in part: "No response [to a motion filed in a contested matter] is required under this rule *unless the Court orders an answer to a motion.*" (emphasis added)

However, contrary to the Bank's assertions, such an order requiring a response on the part of the Bank does exist. Bankruptcy Rule 9029 allows the district court and the bankruptcy court to promulgate local rules governing practice and procedure. The District Court and the Bankruptcy Court in this district have done this. L.B.R. 1(B) implements the Local District Court Rules, including D.Kan.Rule 206(g). Viewed in this context, it is clear that Bankr.Rule 9014 does not conflict with D.Kan. Rule 206(g).

The Bank further argues that if Kansas U.S. District Court Rule 206 does apply, its reliance on Bankr.Rule 9014 constitutes "excusable neglect". Subsection (g) of rule 206 provides that: "Failure to file a brief or response within the time specified within this rule shall constitute a waiver of the right thereafter to file such a brief or response except upon a showing of excusable neglect."

■ This Court, however, does not agree that this was the result of excusable neglect. Even if the Bank was not aware of the existence of D.Kan.Rule 206, this does not constitute excusable neglect. Courts have held that neither "lack of knowledge of the law nor misinterpretation of bankruptcy law is excusable neglect." *In re Young*, 1 B.R. 387 (Bankr.M.D.Tenn.1979); and *In re Heyward*, 15 B.R. 629 (Bankr.E. D.N.Y.1981).

The question now becomes what penalty should be assessed against the Bank for failing to file its brief in time. D.Kan. Rule 206(g) provides for the severest of sanctions for failure to timely respond, treating the motion as uncontested. However, the imposition of such a sanction is discretionary, and this Court should examine all the actions of the Bank to determine

whether a lesser sanction is more appropriate under the circumstances. *In re Wilkinson*, 89 B.R. 885 (Bankr.D.Kan.1988) (*affrm'd*) 99 B.R. 446 (D.Kan.1989).

In this case, the Court finds that treating the motion to amend as uncontested is not too severe a penalty under all the circumstances. After reviewing the record, I find that this is not a case in which the Bank has repeatedly failed to comply with the local rules of the court; but rather, is a single incident which would call for a lesser sanction. I find that the more appropriate sanction is to disregard the Bank's written response filed the day before the hearing. However, this Court will still consider the alleged debtor's motion as contested, and will review the motion for merit and reasonableness.

### 2. *The Alleged Debtor Will Be Allowed Costs and Attorney's Fees.*

 In its discretion, the Court will grant the alleged debtors motion to amend to award costs and attorney's fees. Section 303(i)(1) provides:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
>
> > (1) against the petitioners and in favor of the debtor for—
> >
> > > (A) costs; or
> > >
> > > (B) a reasonable attorney's fee;

The alleged debtor did not waive the right to judgment for costs and attorney's fees. At the July 25, 1988 hearing, Mr. F. Stannard Lentz, attorney for the alleged debtor, reserved the right to request attorney's fees under section 303.

Although the award of attorney's fees and costs is discretionary, section 303(i)(1) routinely contemplates the award of costs and attorney's fees to the debtor. *In re Johnston Hawks Ltd.*, 72 B.R. 361, 365 (Bankr.D.Hawaii 1987). Attorneys fees may be awarded under section 303(i)(1) regardless of whether the petition was filed in bad faith or found to be frivolous. *Id.* The judgment for costs or attorney's fees under section 303(i)(1) is intended to reimburse an alleged debtor for its reasonable expenses in successfully defending an improper involuntary petition. *In re Laclede Cab Company*, 76 B.R. 687 (Bankr.E.D. Mo.1987).

In this case, the alleged debtor requests costs of $520.15 and attorney's fees of $11,-215.00 against the petitioning creditor. In support of his request, the alleged debtor has submitted detailed time records.

This Court finds that the costs of $520.15 are reasonable and compensable. As for attorney's fees, this Court finds that the amount requested is somewhat excessive and that $8,311.25 is a more reasonable amount. The alleged debtor's request includes some of time spent on meritless defenses, i.e. whether the debtor was a farmer. In addition, many of the entries on the time sheets contain inadequate description of the services, i.e. "CALL TO LEACH"; "CALL TO BAILEY". Finally, some of the services by the lawyers were duplicative. The debtor hired two sets of lawyers and much of the time billed was spent in discussions between the two.

IT IS THEREFORE, BY THE COURT, ORDERED That Robin Leach's motion to amend judgment pursuant to F.R.C.P. 59(e) be and the same hereby is SUSTAINED.

IT IS FURTHER, BY THE COURT, ORDERED That the October 25, 1988 Memorandum Opinion and Order is amended to grant the alleged debtor, Robin Leach, judgment against the petitioning creditor, Lawrence National Bank, for cost of $520.15 and attorney's fees of $8,311.25, plus the statutory rate of interest from the date of this order.