83 F.3d 433
 13 Colo. Bankr. Ct. Rep. 131
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Philip M. STOKER, Debtor.
Dennis MICHELSON, Elizabeth Michelson, Terry Warrington,
Cheryl Warrington, T. Martin Flotlin, Denisa C. Jennison,
Richard E. Slackman, Robert Schlatter, Lynn Weekly, Alva
Weekly, Evelyn Osborne, Mary Osborne, Bertha Stovall,
Barbara Libby, John Libby, Bill Carpentar, Bob Vormaske,
Judi Vormaske, Stanley Hiraoka, Appellants,
v.
Philip M. STOKER, Appellee,
and
FPI Securities, Inc., Huron Econo-Lodge Motel Limited
Partnership, James Smail, Edward Winkler, Spectrum Financial
Group, Visitek, Inc., the Spectrum Warehouse, Scott
Florence, David Johnson, Stephen Nickle.
 No. 94-4212.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1996.
 
 Before SEYMOUR, Chief Judge, ALARCN* and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT**
 ALARCN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants appeal from the district court's decision affirming the bankruptcy court's dismissal of their adversary proceeding. Appellants filed the adversary proceeding in Appellee's bankruptcy action in May 1991. On July 28, 1993, Appellants' counsel failed to attend a pretrial conference. During the conference, the bankruptcy judge opined that "under the pretrial scheduling order, the cases should have been dismissed. Is there any reason why I shouldn't just do that? Apparently [plaintiffs' counsel] isn't proceeding as a plaintiff to either prepare a pretrial order or to extend the date or to do anything. Is there any reason I shouldn't just dismiss them?"
 
 
 3
 After Appellee's counsel indicated "that settlement agreements have been worked out," the bankruptcy judge stated that the proceeding "will be dismissed with prejudice for refiling unless a settlement document is submitted to the Court within ten days. I mean we've been working with these for two years, and [plaintiffs' counsel] was ordered to attend today, and he's not here, so that will be the Court's ruling." The district court's oral pronouncement of its order did not expressly sanction Appellants' counsel for failing to appear at the July 28, 1993 conference. The date for filing the settlement document expired on August 7, 1993. Appellants' counsel did not file the settlement agreement on or before that date. Four days later, on August 11, 1993, the bankruptcy judge signed a conditional order of dismissal, which provides "that this adversary proceeding will be dismissed with prejudice unless the parties hereto have entered into a settlement agreement and filed the same with this court within ten (10) days of July 28, 1993." On the same day, the bankruptcy judge signed an "order dismissing adversary proceeding with prejudice" because "no settlement documents have been submitted to the court." The conditional order of dismissal was entered and mailed to Appellants' counsel on August 16, 1993. The bankruptcy court's final judgment dismissing the adversary proceeding was entered and mailed to counsel on August 18, 1993.
 
 
 4
 We begin our analysis by noting that the bankruptcy court did not purport to sanction Appellants' counsel for failing to appear on July 28, 1993. It clearly had the power to do so. The Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure expressly grant a bankruptcy court the authority to impose sanctions on a party or a party's attorney for failure to obey a scheduling order or appear at a pretrial conference. See Fed.R.Civ.P. 16(f), 37(b)(2); Fed.R.Bankr.P. 7016, 7037. Instead the bankruptcy court sanctioned Appellants for failing to obey an order that was not served until after the date for compliance had elapsed. "Our review of such sanctions is governed by the abuse of discretion standard, in the totality of the circumstances." M.E.N. Co. v. Control Fluidics, 834 F.2d 869, 872 (10th Cir.1987) (internal cites omitted).
 
 
 5
 Two errors compel reversal of the bankruptcy court's dismissal of Appellants' adversary proceeding. First, the bankruptcy court deprived Appellants of their right to pursue their adversary proceeding without giving them or their attorney timely notice of their duty to file the settlement agreement. See G.J.B. & Associates v. Singleton, 913 F.2d 824, 831 (10th Cir.1990) (due process requires that a party facing sanctions be given notice). It is undisputed that Appellants did not receive notice of the bankruptcy court's conditional order of dismissal until after the ten day period allotted for compliance with the order had expired. During the July 28, 1993 pretrial conference, the bankruptcy judge stated that the minute entry would "trigger" the deadline for Appellants' submission of settlement documents. Neither the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, nor Tenth Circuit case law, suggest that a minute entry provides sufficient notice of an oral ruling to an absent party. In contrast, Rule 9022 of the Federal Rules of Bankruptcy Procedure specifically requires the clerk of the court to "serve a notice of the entry [of a judgment or order] by mail ... on the contesting parties." Because Appellants were not served notice of the bankruptcy court's conditional order of dismissal until more than four days after the deadline for submission of the settlement documents had expired, the bankruptcy court abused its discretion in dismissing their action for failure to comply with the order. Cf. Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 211-12 (1958) (dismissal for noncompliance not appropriate where party could not legally comply with court's order).
 
 
 6
 The bankruptcy court also abused its discretion by dismissing Appellants' adversary proceeding without considering whether lesser sanctions for counsel's conduct would be appropriate. A trial court has the discretion to dismiss an action due to an attorney's inexcusable neglect. Pioneer Inv. Services v. Brunswick Associates, 113 S.Ct. 1489, 1499 (1993). Before doing so, however, the law of this Circuit requires that the court make findings setting forth the reasons why the ultimate sanction of dismissal is necessary. Woodmore v. Git-N-Go, 790 F.2d 1497, 1499 (10th Cir.1986) (where "default appears to be that of the attorney ... a trial court must explain why it imposed the extreme sanction of dismissal"); DG Shelter Products Co. v. Forest Products Co., 769 F.2d 644, 645 (10th Cir.1985) ("court should explicitly weigh whether sanctions against the offending attorney will not serve the court's legitimate purpose in imposing sanctions"); see also Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992) ("[b]efore choosing dismissal as a just sanction, a court should ordinarily consider ... the efficacy of lesser sanctions"); Jones v. Thompson, 996 F.2d 261, 264 (10th Cir.1993) (same); Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir.1994) (same). The fact that we conclude that the bankruptcy court erred in dismissing the adversary proceeding should not be interpreted as precluding the bankruptcy court from considering appropriate sanctions against Appellants' counsel for failing to appear at the pretrial conference on July 28, 1993.
 
 
 7
 The judgment of the district court is REVERSED.
 
 
 
 *
 Honorable Arthur L. Alarcn, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470