**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENT CIRCUIT

---

LESLIE FOSTER,

      Plaintiff - Appellant,

v.

BILL CLINTON, United States; JANET
RENO; and PAT RYAN,

      Defendants - Appellees.

No. 97-6309

(D.C. No. CIV-97-519-T)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

      After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

      Plaintiff-Appellant, Mr. Leslie Foster, is appealing the district court's dismissal of his 42 U.S.C. § 1983 action. Because Plaintiff appears *pro se*, we construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On April 7, 1997, Plaintiff filed an action naming President Bill Clinton, Attorney General Janet Reno, and United States Attorney Pat Ryan as defendants. See R., Vol. I at Doc. 14. Plaintiff charged that various actions of the United States, including the celebration of Columbus Day and the failure to designate a "National Children's Day," violated the civil rights of this Country's children and Native American citizens. See R., Vol. I at Doc. 9. The district court characterized Plaintiff's complaint as an action brought under 42 U.S.C. § 1983. See R., Vol. I at Doc. 14. The district court dismissed the case without prejudice on August 14, 1997, holding that Plaintiff's failure to perfect service upon the named defendants barred resolution of the case on the merits. See id. Plaintiff was unable to perfect service because he was incarcerated. See Appellant's Br. at 2. Plaintiff's section 1983 claims are unrelated to the offense for which Plaintiff was incarcerated.

Federal Rule of Civil Procedure 4(m) requires that service of the summons and complaint upon named defendants be made within 120 days after the filing of the action. Plaintiff did not seek an extension of the time allowed for perfecting service. See R., Vol. I at Doc. 14. Trial courts have the discretion to dismiss a case *sua sponte* for want of prosecution. See Fed. R. Civ. P. 4(m); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Joplin v. Southwestern Bell Tel. Co., 671 F.2d 1274, 1275 (10th Cir. 1982); Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir. 1979). We review the district court's dismissal for an abuse of discretion. See Joplin, 671 F.2d at 1275.

Plaintiff alleges that officials of the United States have acted in a manner resulting in injustice to the Native American citizens of this nation. However, in addition to the failure to make timely service of process, this attempt to adjudicate these allegations also raises the issue of Plaintiff's standing to bring such a cause of action. We do not reach the issue of standing because it was not addressed by the trial court. Had it been addressed, it would present another impediment to Plaintiff's attempt to bring this cause of action.

We hold that the district court did not abuse its discretion in dismissing the case without prejudice, and therefore affirm the decision of the district court for substantially the reasons stated in its Order filed August 14, 1997.

AFFIRMED.


Entered for the Court


Monroe G. McKay
Circuit Judge