**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**DEC 16 1998**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

G. JANE SHIPP,

       Plaintiff - Appellant,

    v.

SHEILA E. WIDNALL, Secretary of
the Air Force,

       Defendant - Appellee.

No. 97-2299
(D. Ct. No. CIV 94-1116-BB)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

    Plaintiff-Appellant G. Jane Shipp appeals the district court order dismissing her case on the grounds that she failed to exercise diligence in pursuing her claims. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, reverse the district court's order, and remand the case for further proceedings.

    On September 30, 1994, Ms. Shipp filed a pro se complaint alleging that while she was in the Air Force, she suffered various incidents of sex-based

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and that Air Force personnel unlawfully retaliated against her when she sought relief from such conduct. Shortly thereafter, Ms. Shipp retained attorney Sterling F. Black to represent her, and he filed an amended complaint on November 10, 1994. The amended complaint added allegations that Air Force personnel also discriminated against Ms. Shipp because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). Ms. Shipp filed a second amended complaint on March 9, 1995, by order of the district court, and trial preparation continued. Unbeknownst to Ms. Shipp, Mr. Black had suffered from cancer for many years, and he tragically lost his fight with the disease on May 20, 1996.

On May 30, 1996, the defendant filed a motion to dismiss or, in the alternative, for summary judgment arguing that plaintiff had failed to exhaust her administrative remedies with respect to some of her claims and had failed to demonstrate that she was entitled to relief as to the others. Ms. Shipp requested and was granted a stay in the proceedings so that she could retain new counsel. On July 8, 1996, the district court awarded summary judgment in favor of the defendant as to all of Ms. Shipp's claims except an allegation regarding the failure to offer her certain retirement benefits. However, in response to a pro se letter Ms. Shipp sent the district court addressing the stay and the possible

adverse effect Mr. Black's illness had on the presentation of her case, the court withdrew its July 8 Opinion and Order and gave Ms. Shipp until August 30, 1996, to inform it of the factual and legal infirmities contained in its decision. Ms. Shipp retained attorney Gilbert J. Vigil for this limited purpose, and, with appropriate extensions of time, he filed the response requested by the court. Based on the new filings by plaintiff and defendant, the district court issued a new opinion on January 29, 1997. In that opinion, the district court again granted summary judgment in favor of the defendant as to many of Ms. Shipp's claims, but it denied summary judgment as to several of her Title VII and ADEA claims.

The district court, on March 24, 1997, reset the trial date for June 2, 1997, and set the pretrial conference for May 7, 1997. On April 16, 1997, Ms. Shipp filed a pro se motion requesting appointment of counsel, re-opening of discovery, and resetting of the trial date. The trial court denied plaintiff's motion on April 24, 1997, but did so without prejudice with respect to the application for appointment of counsel. The next day Ms. Shipp notified the court that she had dismissed Mr. Vigil from representing her in any capacity in this case. She then filed a second request for appointed counsel on April 29, 1997. The district court apparently never ruled upon this application.

On May 7, 1997, Ms. Shipp failed to appear at the scheduled pretrial conference. In response to Ms. Shipp's absence, the district court issued an order

to show cause why it should not dismiss her case.  It set the show cause hearing for May 22, 1997.  On May 16, 1997, Ms. Shipp faxed a letter to the district court from Hawaii, where she was vacationing at the time, requesting postponement of the May 22 hearing.  The court denied this request.  Ms. Shipp then faxed a second request on May 21, 1997, which the district court construed as a request to continue all present settings in the action.  The court also denied this request.  When Ms. Shipp failed to appear at the May 22 hearing, the court summarily dismissed her case without prejudice.  This appeal followed.

We review the imposition of the sanction of dismissal for failure to prosecute or noncompliance with court orders under the abuse of discretion standard.  See Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993).  When a dismissal is or has the effect of being "with prejudice," the district court "*must* explain why it imposed the extreme sanction of dismissal."  Woodmore v. Git-N-Go, 790 F.2d 1497, 1499 (10th Cir. 1986) (emphasis added).  In Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), we elaborated on this requirement, stating that the district court should ordinarily consider and address *all* of the following factors *on the record* before choosing the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely

sanction for noncompliance; and (5) the efficacy of lesser sanctions." Id. at 921 (internal quotation marks and citations omitted); see also id. at 922.

We agree with plaintiff that although the district court expressly dismissed her case without prejudice, at the time it was pronounced, the order was tantamount to a dismissal with prejudice. Upon careful review of the applicable filing periods for bringing ADEA and Title VII claims in federal court, we cannot find, on this record, any conceivable way that plaintiff could successfully litigate the merits of her claims were she forced to refile her case at this point. Because the events giving rise to this litigation occurred years ago, by the time Ms. Shipp refiles her claims, the statutory filing periods for bringing the Title VII or ADEA claims in federal court will have passed. See 29 U.S.C § 633a(c)-(d); 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.103, 1614.105-.106; see also Jones v. Runyon, 32 F.3d 1454, 1456-57 (10th Cir. 1994) (holding that the ADEA filing period for a federal employee to bring a judicial action after seeking EEOC review is analogous to that contained in Title VII). Although defendant argues that these filing periods may be subject to equitable tolling, see Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984), under the facts of this case, equitable tolling is not available, see Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991) (stating that the filing of a complaint that is later dismissed without prejudice does not toll the statutory filing periods under Title VII); Martinez, 738

F.2d at 1110 (explaining that "the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of 'active deception'"). We need not decide precisely what legal principle bars Ms. Shipp's claims, be it statute of limitations or failure to properly exhaust administrative remedies. It is sufficient for our purposes merely to note that Ms. Shipp cannot relitigate her claims if we uphold the district court's dismissal.

Because the district court effectively dismissed Ms. Shipp's case with prejudice, it had a duty to explain why dismissal was an appropriate sanction. See, e.g., Ehrenhaus, 965 F.2d at 921-22; Woodmore, 790 F.2d at 1499. However, the district court's order contained no such explanation. Consequently, we find that the district court's imposition of this extreme sanction without fully considering the Ehrenhaus factors amounts to an abuse of discretion. It is particularly troubling that the district court did not even consider whether a lesser sanction would suffice prior to dismissing Ms. Shipp's case. See Jones, 996 F.2d at 265 ("[D]ismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective."); see also Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994) (asserting that "[w]e are particularly concerned with the trial court's failure to consider whether a lesser sanction would be appropriate" when district court imposes the severe sanction of dismissal with prejudice). We therefore REVERSE the order of the district court and REMAND the case for

further proceedings not inconsistent with this decision.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge