**Winston HOLLOWAY,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 83–1980.**

United States Court of Appeals,
Tenth Circuit.

May 15, 1984.

Winston Holloway, pro se.

Benjamin L. Burgess, Jr., U.S. Atty., and Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for defendant-appellee.

Before BARRETT, McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a);

Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court dismissing plaintiff's federal tort claims action pursuant to Fed.R.Civ.P. 41(b) for failure to comply with orders of the court.

On December 21, 1981, plaintiff, an inmate at the federal penitentiary in Leavenworth, Kansas, brought this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.* Plaintiff alleged that while he was away from his cell a fire occurred in his cell destroying much of his personal property. Plaintiff claimed that the prison officials were negligent in their duty to safeguard plaintiff's property. The district court in a pretrial order instructed the parties to be ready to go to trial by September 1, 1982. The parties were not prepared by this deadline and the court allowed additional time before setting the case for trial.

On February 10, 1983, the court entered an order setting the trial for April 5 and requiring that the testimony of plaintiff and any other incarcerated witnesses be presented by way of deposition in lieu of appearance at trial. Fed.R.Civ.P. 32. The court granted the parties leave to take depositions by written interrogatories as allowed by Fed.R.Civ.P. 31(a). Plaintiff did not object to this procedure.

On March 7, 1983, plaintiff was ordered to prepare the written questions by March 31, 1983. Defendant was ordered to locate each witness for whom plaintiff submitted questions to secure that witness' attendance at a deposition. Plaintiff was required to serve defendant with a copy of his questions.

On March 21, 1983, the court ordered plaintiff to file an affidavit in which he was to set forth all the facts to which he would testify if present at trial. Defendant was further instructed to cooperate with plaintiff in arranging for the taking of depositions of any of defendant's witnesses.

Four days later plaintiff filed a motion for enlargement of time of ninety days. On March 30, plaintiff filed a second motion asking for a stay of all proceedings for six months because of a "spinal disc rupture" and a "metal fragment in his thumb." Plaintiff explained that he was unable to research and prepare documents without great pain.

On April 1, 1983, the district court vacated the April 5th trial setting and granted plaintiff's motion for a ninety-day enlargement of time. The parties were to complete all depositions on or before July 1, 1983, and the case was reset for trial on July 11, 1983. The district court directed the attention of the parties to the sanctions set forth in Rule 41(b) for failure to comply with orders of the court. The court deferred ruling on plaintiff's request for a six-month stay and ordered that defendant file a report of any medical diagnoses as to plaintiff's ability to engage in research and typing.

Defendant submitted a letter from plaintiff's physician stating that plaintiff was physically able to engage in research and typing. On May 12, 1983, the district court denied plaintiff's motion for a stay of proceedings and again called plaintiff's attention to Rule 41(b).

On May 16, 1983, plaintiff responded by claiming that he had been on a "medical convalescence" since April 11, 1983, and as such he was not allowed to go to the law library. Plaintiff did not allege, however, that defendants had denied a specific request to use the law library nor that he was somehow prevented from compliance with the court's orders because of this alleged lack of access to the law library. Plaintiff renewed his motion for extension of time. In denying this request on June 24, 1983, the district court found that plaintiff was not physically unable to prepare for trial and that he had had ample time to do so.

At the time set for trial, the court made the following findings: that plaintiff had not filed a narrative statement of his own testimony, had not submitted any of his

other evidence, had not answered defendant's deposition upon written questions, and had not submitted written questions for use in taking the deposition of any witnesses despite extensions of time and instructions to defendant to cooperate with plaintiff. The court concluded that plaintiff had not presented good cause or reasonable excuse for his failure to make a good faith effort to prepare the case for trial.

The district court held that plaintiff repeatedly, willfully, and flagrantly refused to comply with proper orders of the court and dismissed the action with prejudice pursuant to Rule 41(b).

On appeal, plaintiff claims: (1) that the district court abused its discretion; and (2) that plaintiff has a right to appear in person before the court.

■ A dismissal with prejudice under Fed.R.Civ.P. 41(b) is within the sound discretion of the district court, and the court of appeals will review only for abuse of that discretion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Joplin v. Southwestern Bell Telephone Co.*, 671 F.2d 1274 (10th Cir.1982). *Joplin* held that where plaintiff had acted in good faith and the court neglected to state the grounds for its order, a dismissal with prejudice constituted an abuse of discretion. *Id.*

■ In the instant case, the district court carefully detailed the factual circumstances leading up to its determination that plaintiff had failed to comply with orders of the court. *Stanley v. Continental Oil Co.*, 536 F.2d 914, 916 (10th Cir.1976). The district court found that plaintiff had the opportunity and ability to comply with the orders of court and flagrantly ignored those orders. The district court acted within its discretion in dismissing the action. *See Link*, 370 U.S. at 633, 82 S.Ct. at 1390.

■ The claim that plaintiff was denied his right to appear in person at trial is a belated attempt to excuse his lack of compliance. Plaintiff, however, never objected to the use of written depositions as a substitute for his live appearance at trial. Because this argument was not presented to the district court, the court of appeals need not consider it here. *Nulf v. International Paper Co.*, 656 F.2d 553, 559 (10th Cir. 1981).

Accordingly, the judgment of the district court dismissing plaintiff's action with prejudice is AFFIRMED. The mandate shall issue forthwith.