952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Felder Ulysses YOUNG, Jr., III., Plaintiff-Appellant,
v.
George SULLIVAN and New Mexico Parole Board, Defendants-Appellees.
 No. 91-2182.
 United States Court of Appeals, Tenth Circuit.
 Jan. 15, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Felder Ulysses Young appeals the dismissal of his § 1983 complaint for failure to prosecute. We review such dismissals for abuse of discretion. Bills v. United States, 857 F.2d 1404, 1405 (10th Cir.1988).
 
 
 3
 Mr. Young, a New Mexico prisoner, filed an action for damages and immediate release from prison claiming he was wrongfully denied parole. The district court correctly analyzed the complaint as one seeking habeas corpus, but rather than dismissing the action, entered an order abating the proceeding and directing the plaintiff to exhaust his remedies in state court. The court's order provided, in part, "Plaintiff is admonished that his failure to diligently proceed with exhaustion of state remedies will be treated by the court as failure to prosecute this action."
 
 
 4
 After two years, with no further activity in the case, the Clerk of the court wrote to plaintiff and asked that he file a statement indicating whether an action had been filed in state court. Plaintiff's reply was not responsive, and the court dismissed the case for failure to prosecute. From these facts, we cannot conclude the dismissal was an abuse of discretion, particularly when the complaint could have been dismissed at the outset.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3