968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NORTH AMERICAN UNIVERSITY; Global Church of God; Edward P.
Reddeck, Jr., Plaintiffs-Appellants,
v.
STATE OF UTAH; Utah Board of Regents; Sterling Provost;
Berniece Goebel, Secretary of Provost; Harden R. Eyring,
Attorney; Paul Van Dam, Atty. General; Joseph E. Tesch,
Asst. Atty. Gen.; Brian Adamson, Investigator; Ron Miller,
Investigator; State of Missouri; Robert Jacobs, Director,
State Department of Education; William Webster, Atty.
General Missouri; Eric Veith, Asst. Atty. Gen.; John Bear;
International Institute for Advanced Studies, (Bear's
School); Ten Speed Press; Teacher Magazine; Lisa Wolcott;
U.S. Department of Education; Federal Bureau of
Investigation; Copa; U.S. Department of Justice; Allen
Ezel, F.B.I. Agent; Dean Despain; Michelle Despain;
Inside Edition; Bill O'Reilly, Announcer; Bob Young,
Reporter; Cindi Frye, Asst. Producer; Cornelius W. Hyzer,
Attorney; Keven Basnight, Student; Kenneth Murphy Boyd,
Student; 500 Does; Cindy Freishtat, a/k/a Cindi Frye or
Cindy Frye aka Cindi Frye; Council on Post Secondary
Accreditation, Defendants-Appellees.
 No. 91-4053.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiffs-appellants appeal from the district court's dismissal of their complaint with prejudice pursuant to Fed.R.Civ.P. 41(b).[1] Plaintiffs' original complaint, filed pro se by Edward P. Reddeck, asserted twelve numbered causes of action and seven claims for relief against numerous named defendants and five hundred unnamed defendants. Following extensive pre-trial motions by both defendants and plaintiffs, plaintiffs retained Glenn Mecham as counsel.
 
 
 2
 At a hearing on January 23, 1991, facing motions to dismiss on various jurisdictional grounds, motions to strike, motions for more definite statement, and motions for summary judgment, the district court granted plaintiffs' motion to continue to allow Mecham time to review the case and to file either notices of dismissal or amended pleadings. I R. doc. 47; I R.S. 11. The district court's order, dated February 13, 1991, states: "The plaintiff shall have until March 1, 1991, to make any amendments to its pleadings and serve all current and prospective defendants with the appropriate pleadings and process, and motions or stipulations for dismissal. If this is not accomplished, the Complaint shall be dismissed with prejudice." I R. doc. 48 at 2.
 
 
 3
 Shortly before the March 1, 1991, deadline, Mecham notified plaintiffs of his intent to withdraw, and advised plaintiffs that either Edward P. Reddeck or substitute counsel should appear in district court for a March 7, 1991, hearing. On March 6, plaintiffs filed a Motion for Extension of Time and Continuance in district court to enable them to retain new counsel and prepare amended pleadings. I R. doc. 50. Neither plaintiffs nor new counsel appeared at the March 7 hearing. The district court allowed Mecham to withdraw and, based on its February 13, 1991, order, dismissed plaintiffs' complaint with prejudice. The court ruled that plaintiffs had notice of the February 13 order, of Mecham's intent to withdraw, and of the March 7 hearing. II R.S. 22. It also ruled that plaintiffs' March 6 motion for extension of time was untimely, as filed after the March 1, 1991, deadline. Id.
 
 
 4
 On appeal, plaintiffs argue that 1) requiring corporations to be represented by counsel violates natural law and various constitutional rights, 2) its counsel, Mecham, was ineffective, and 3) the district court judge, Mecham, defendants' attorneys, the State of Utah, and the United States conspired to deprive plaintiffs of their constitutional rights, including due process and access to the courts. We agree with defendants, however, that in this challenge to the district court's ruling, the single issue for appellate review is whether the district court abused its discretion in dismissing plaintiffs' complaint. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991) (in absence of discussion of issues, court will not construct arguments for pro se litigant despite liberal construction standard); Smith v. United States, 834 F.2d 166, 170 (10th Cir.1987) (41(b) dismissal for failure to prosecute reviewed under abuse of discretion standard, citing Link v. Wabash R.R., 370 U.S. 626, 633 (1962)); Holloway v. United States, 734 F.2d 506, 508 (10th Cir.1984) (per curiam) (same). " 'Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.' " McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir.1991) (quoting United States v. Ortiz, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986)); see Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (same, in 41(b) context).
 
 
 5
 " 'A dismissal, with prejudice, is a harsh sanction,' " but within the discretionary power of the district court. United States v. Berney, 713 F.2d 568, 571 (10th Cir.1983) (quoting Davis v. Operation Amigo, Inc., 378 F.2d 101, 103 (10th Cir.1967)). Following our review of the parties' briefs and the record, including hearing transcripts, we conclude the district court did not abuse its discretion. Plaintiffs had clear and ample notice of the March 1, 1991, deadline, and of the ultimate sanction of dismissal; its conduct constitutes failure to comply with a court order.[2] See Fed.R.Civ.P. 41(b); Holloway, 734 F.2d at 508. The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The body of the notice of appeal names "Edward P. Reddeck, Et Al, Plaintiff" as the appellant; however, plaintiffs North American University and Global Church of God are also listed in the caption of the notice of appeal. Therefore, we recognize all three named plaintiffs as appellants in this appeal. See Tri-Crown, Inc. v. American Fed.Sav. & Loan Ass'n, 908 F.2d 578, 580 (10th Cir.1990) (reference to "plaintiffs above-named" in body of notice of appeal sufficient under Rule 3(c) where plaintiffs individually named in caption, citing Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988))
 
 
 [2]
 The record before us indicates that Mecham's withdrawal was, in large part, a response to plaintiffs' failure to fully disclose pertinent facts material to their claims such that Mecham could continue to redraft their complaint in compliance with the district court's order. See Woodmore v. Git-N-Go, 790 F.2d 1497, 1498 (10th Cir.1986) ("punishment" for failure to comply with court order must be imposed on the person at fault) (citing In re Baker, 744 F.2d 1438, 1442 (10th Cir.1984), cert. denied, 471 U.S. 1014 (1985))