999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fon B. MADDOX, Appellant,
v.
David D. BIRD, U.S. Trustee, Appellee.
 No. 93-4026.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Debtor Fon B. Maddox appeals from a district court order dismissing his appeal of a bankruptcy court conversion order. We review the dismissal by the district court for abuse of discretion. Balaber-Strauss v. Reichard (In re Tampa Chain Co.), 835 F.2d 54, 55 (2d Cir.1987).
 
 
 3
 Debtor filed a voluntary Chapter 11 bankruptcy petition on May 15, 1990. When after eight months he had failed to file a plan for reorganization, disclosure statement, or otherwise move his case toward confirmation, the trustee filed a motion to have the petition dismissed or converted to a Chapter 7 liquidation. 11 U.S.C. § 1112(b). After a hearing the debtor was ordered to file and seek approval of a reorganization plan and the requisite disclosure statements within sixty days. Debtor was warned in the notice of hearing and at the hearing that the case could be converted. On June 10, 1991, after debtor failed to comply with that order, the case was converted to a Chapter 7 liquidation proceeding.
 
 
 4
 Debtor filed a timely notice of appeal to the district court from that conversion order, but failed to prosecute the appeal. Consequently, the district court ordered a show cause hearing to determine whether the appeal should be dismissed. Upon hearing from debtor's counsel, the district court ordered debtor's brief filed by January 24, 1992. When no action was taken by debtor, including briefing, a year later, on January 20, 1993, the district court dismissed the appeal. Debtor, appearing pro se, filed a timely notice of appeal to this court from that dismissal. Debtor's attorney then filed a pleading entitled "Objection to Debtor's Appeal," arguing that the debtor's rights have not been violated and urging dismissal of the appeal.[1]
 
 
 5
 The district court has authority to dismiss an appeal when a party fails to comply with court orders. Bills v. United States, 857 F.2d 1404, 1405 (10th Cir.1988). The briefing schedule is contained in Bankr.R. 8009(a)(1), and was repeated in the docketing notice of the district court. The district court unequivocally communicated to debtor and his attorney that the appeal of the conversion order was in jeopardy of being dismissed. The district court exercised extraordinary patience in waiting a full year after the show cause hearing before dismissing the appeal. Debtor made no effort to pursue the appeal, failing even to request an enlarged briefing schedule or to file his brief out of time. The case languished unattended on the district court docket for over a year. We find no abuse of discretion by the district court under these circumstances. Objections filed by debtor's counsel are denied as moot.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We cannot discern whether debtor and his attorney disagree on case strategy. However, debtor had ample time to file either a pro se brief or obtain other counsel for this purpose. He has filed a pro se brief in this court