**UNITED STATES COURT OF APPEALS**
**Filed 4/5/96TENTH CIRCUIT**

MARY I. THOMAS,

        Plaintiff-Appellant,

v.

DONALD B. RICE, SECRETARY OF
DEPARTMENT OF THE AIR FORCE
AGENCY, LARRY G. OATES,
INDIVIDUALLY, and RUEBEN
LUNDVALL, INDIVIDUALLY,

        Defendants-Appellees.

Case No. 95-2178

(D.C. 91-1123-M Civil)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

        Plaintiff-appellant Mary I. Thomas appeals <u>pro</u> <u>se</u> from the district court's order

dismissing all of her employment discrimination claims against the defendants-appellees for

failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. We hold that

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

1

the district court did not abuse its discretion, and affirm.[1]

## I. BACKGROUND

Ms. Thomas brought this employment discrimination action pro se in 1991 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17.[2]  Subsequently, she requested that the district court appoint counsel to represent her and the court granted her request. After meeting with Ms. Thomas and reviewing her case, the appointed counsel, Jacquelyn Robins, moved to withdraw as counsel on the grounds that representing Ms. Thomas would force her to violate Rule 11 of the Federal Rules of Civil Procedure and the Code of Professional Responsibility.  The court granted Ms. Robins' motion to withdraw on April 9, 1992.

Ms. Thomas again sought court-appointed counsel on June 16, 1992, and although the Magistrate Judge did appoint an advisory counsel for the limited purpose of conferring with her and counseling her during a settlement conference, the district court subsequently denied her petition.  Ms. Thomas petitioned for court-appointed counsel two more times--on December 11, 1992, and on March 11, 1994.  During this period, the court contacted four more attorneys, all of whom declined to take on Ms. Thomas' case.  See Rec. doc. 66 at 6.  On June 2, 1995, the district court again denied her request for counsel and ordered that she proceed pro se.

On February 16, 1993, appellees filed a "Memorandum in Support of Motion for

---

[1]After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

[2]The underlying facts in this case are detailed in the district court's Memorandum Opinion and Order filed July 21, 1995.  Rec. doc. 66 at 2-4.

Summary Judgment or in [the] Alternative for Dismissal and Leave of Court to Depose Plaintiff." On May 7, 1993, Ms. Thomas filed a "Memorandum in Opposition." Over two years later, on June 7, 1995, the district court ordered Ms. Thomas within fifteen days to respond to the appellees' motion for summary judgment by filing an affidavit "addressing the issues to the best of her ability" along with supporting documents. Rec. doc. 63 at 2. The court noted that her failure to comply with its order would be construed as consent to grant the motion for summary judgment.

Ms. Thomas did not comply with the June 7 order, but did write a letter to the court explaining why she was unable to respond to appellees' motion. In the letter, Ms. Thomas explained that she was suffering from carpal tunnel syndrome and shoulder pain, resulting from injuries she allegedly sustained as a result of the circumstances which gave rise to this law suit, which made it impossible to work on a response to the motion. She claimed further that she was involved in divorce proceedings and had no money or transportation to make copies of documents necessary to prosecute this litigation. She also asked again to be represented by an attorney. On July 25, 1995, Ms. Thomas having failed to comply with its order, the district court denied her request for counsel and dismissed her case with prejudice.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

3

A district court may dismiss an action for failure of the plaintiff to prosecute, even if the defendant does not move for dismissal on those grounds. Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). We must affirm such an order unless we determine that the district court abused its discretion. Id. at 633; Bills v. United States, 857 F.2d 1404, 1405 (10th Cir. 1988).

A district court may dismiss an action with prejudice for failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-630. The district court dismissed this action nearly four years after its initiation and after 28 months during which Ms. Thomas failed to respond adequately to the defendants' motion for summary judgment. While the court admitted that "[p]art of the delay may be attributed to my reluctance to decide the merits of the case without legal counsel to assist Ms. Thomas," the court also found "no evidence in the record that she has tried to find an attorney on her own." Rec. doc. 66 at 7-8. This finding was not clearly erroneous.[3]

Neither illness nor preoccupation with other matters is sufficient cause for failure to respond to a motion for summary judgment. See D G Shelter Prods. Co. v. Forest Prods. Co., 769 F.2d 644, 645 (10th Cir. 1985). Nor is granting of appointed counsel necessary for litigation of this nature to proceed. Jarrett v. US Sprint Communications Co., 22 F.3d 256, 261 (10th Cir.), cert. denied, 115 S.Ct. 368 (1994). After her four requests for appointment of counsel were

---

[3]In an affidavit supporting her December 11, 1992, motion requesting a court-appointed attorney, Ms. Thomas claimed that she had "contacted several attorneys in the Albuquerque area," Rec. doc. 44 at 2, and produced a list of names and telephone numbers, Rec. doc. 44, Ex. B. However, we find no evidence in the record that she made any further attempts to retain counsel during the ensuing 30 months. Moreover, even if she had continued to seek representation, we do not believe that her failure to find a willing attorney excuses her ultimate responsibility for the prosecution of her case.

denied, and having had nearly four years to find counsel herself, it was incumbent upon Ms. Thomas to take responsibility for the prosecution of her law suit. This was especially so in light of the district court's clear warning that failure to comply with its order to respond to the defendants' motion for summary judgment would result in dismissal of her case.

A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel. Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992). Ms. Thomas filed an application and order to proceed in forma pauperis under 28 U.S.C. § 1915. While § 1915(d) provides that "[t]he court may request an attorney to represent any such person unable to employ counsel," it does not authorize the court to force an unwilling attorney to represent an indigent plaintiff in a civil case. Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296 (1989). The record reveals that the district court gave "serious consideration" to Ms. Thomas' request, see Castner, 979 F.2d at 1421, and made a good faith effort to find an attorney to represent her. The record also establishes that the attorney who was initially appointed, Ms. Robins, withdrew because of concerns that taking this case was "likely to result in violation of the Rules of Professional Conduct" and Fed. R. Civ. P. 11. Rec. doc. 33 at 1; Rec. doc. 32 at 1. See Castner, 979 F.2d at 1421 ("The indiscriminate appointment of volunteer counsel to undeserving [discrimination] claims will waste a precious resource and may discourage attorneys from donating their time.").

Having examined the procedural history of the case, see Securities and Exch. Comm'n v. Power Resources Corp., 495 F.2d 297, 298 (10th Cir. 1974) (per curiam), we hold that the district court did not abuse its discretion in dismissing the action for failure to prosecute. Therefore, the judgment is AFFIRMED.

5

Entered for the Court,


Robert Henry
Circuit Judge