977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marjorie PATMON, Appellant,
v.
Kwame T. MUMINA, Appellee.
 No. 92-6150.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court sitting as an appellate court in bankruptcy. Appellant, Marjorie Patmon, is an attorney against whom the bankruptcy court entered summary judgment requiring her to turn over to the bankruptcy trustee a $15,000 pre-petition payment made to her by the bankruptcy debtor. As a result of procedurally confounded efforts by Ms. Patmon, the district court, in two separate orders, dismissed part of Ms. Patmon's appeal and affirmed the remaining portion of the bankruptcy court's judgment. Although Ms. Patmon filed a notice of appeal directed only to the last of the two district court orders, she attempts to obtain review in this court on the substance of the dismissed appeal. That effort is without foundation. We deny review of that portion of her appeal and affirm.
 
 
 2
 The error made by Ms. Patmon leading to the jurisdictional issue here is merely the perpetuation of an error initiated by her in the bankruptcy court. Without reciting the multitude of missed deadlines and thereby belaboring the case beyond necessity, suffice that the problem has its genesis in a partial summary judgment entered against her in the bankruptcy court. That summary judgment was not appealed by her within the ten days required by Fed.R.Bankr.P. 8002.
 
 
 3
 Instead, Ms. Patmon filed a motion to reconsider in an effort to get the bankruptcy court to vacate the partial summary judgment. When that motion was denied, some three months after entry of the summary judgment, Ms. Patmon filed a notice of appeal. The only order appealed from was the order denying the motion to vacate.
 
 
 4
 In her district court appeal, Ms. Patmon attempted to raise issues bearing upon the partial summary judgment in addition to the denial of her motion to vacate. In response, the trustee filed a motion to dismiss all but the latter issue.
 
 
 5
 The district court ruled that Ms. Patmon's effort to raise the summary judgment issues was fruitless. Citing Fed.R.Bankr.P. 8002(b) and Whitemere Dev. Corp. v. Township of Cherry Hill, 786 F.2d 185, 187-88 (3d Cir.1986), the district court held Ms. Patmon's failure to file a notice of appeal within ten days of the entry of the partial summary judgment was fatal. The district court therefore limited its review to the remaining question of whether the bankruptcy court abused its discretion by denying Ms. Patmon's motion to vacate.
 
 
 6
 By a distinct written order, the district court affirmed the judgment of the bankruptcy court. In that order the court concluded Ms. Patmon's "perpetual tardiness throughout the bankruptcy proceedings" was an ample justification for the denial of the motion to vacate; therefore, the court concluded, the bankruptcy court had not abused its discretion.
 
 
 7
 Ms. Patmon then filed a notice of appeal to this court. That notice stated: "Notice is given that Defendant, Marjorie Patmon, appeals to the United States Court of Appeals of the Tenth Circuit from the Order filed March 19, 1992, denying the appeal and affirming the Bankruptcy Court's Order filed in adversary proceeding BK-ADV-No. 91-0036-TS. " (emphasis added). By its own terms, the notice of appeal is directed to only one order of the district court. The description of that order applies only to the second order, for that is the only order of affirmance.
 
 
 8
 In this court, Ms. Patmon ignores the jurisdictional issue. Without addressing the consequence of her failure to perfect her appeal from the bankruptcy court to the district court or the limitation of her notice of appeal to this court, she launches directly into argument concerning the propriety of the partial summary judgment. She has further failed to respond to the trustee's answer brief in which these jurisdictional issues are raised.
 
 
 9
 It is unassailable that the district court correctly granted the motion to partially dismiss the appeal. Deyhimy v. Rupp, 970 F.2d 709 (10th Cir.1992). Indeed, that issue is conceded by Ms. Patmon in her failure to address it in this court. Moreover, her failure to file a notice of appeal directed to the district court's order of dismissal deprives this court of jurisdiction over the issues she attempts to raise.
 
 
 10
 Federal Rule of Appellate Procedure 3(c) requires that the notice of appeal designate the "judgment or order ... appealed from." That requirement is mandatory, and its violation deprives this court of jurisdiction to entertain review of any judgment or order not designated. Nolan v. United States Dept. of Justice, --- F.2d ----, 1992 WL 200024 (10th Cir. Aug. 18, 1992); Averitt v. Southland Motor Inn of Okla., 720 F.2d 1178, 1180-81 (10th Cir.1983). Because Ms. Patmon failed to designate the district court's order granting the motion for partial dismissal in her notice of appeal from the district court, we do not consider any issue relevant to the partial summary judgment entered by the bankruptcy court.
 
 
 11
 The only question before us is whether the district court correctly affirmed the bankruptcy court's denial of Ms. Patmon's motion to reconsider.[1] That motion was predicated upon Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b).[2] In it, Ms. Patmon urged that the order granting partial summary judgment, grounded in her failure to respond and pinned to Local Rule 12(d),[3] should not have been entered because the trustee failed to "comply with the standard and rules for default judgment in obtaining a judgment pursuant to Local Rule 12(d)." She further maintained that she filed a response to the trustee's motion for summary judgment "in timely fashion."[4]
 
 
 12
 In denying the motion, the bankruptcy court recounted a lengthy history of Ms. Patmon's failure to comply with due dates. The court further pointed out the predicate failure to respond upon which its judgment was based was not Ms. Patmon's default to the motion for summary judgment, which had been denied, but to the trustee's motion for reconsideration of the denial of summary judgment. The bankruptcy court underscored its order granting reconsideration and summary judgment was not entered for almost a month following the filing of the trustee's motion, and although Ms. Patmon ultimately responded, the response was not filed until after the order granting summary judgment was entered. The court then noted:
 
 
 13
 The court has made every effort to be fair in this case, even to the point of holding a special status conference with the hope that a response could be elicited from Defendant [Ms. Patmon] which would permit a resolution of this matter on its merits. However, to date the continual lack of timely responses by Defendant has frustrated the efforts of the Court. Defendant has met only one response deadline, which deadline was obtained by filing an untimely request for enlargement of time. This is not a case where the granting of judgment by default would constitute the punishing of an innocent client for the failure of the attorney, for here the defendant is an attorney and has entered an appearance as co-counsel in this case.
 
 
 14
 The court then proceeded to consider whether Ms. Patmon had a meritorious defense and concluded, in effect, that she did not. Thus, based upon Ms. Patmon's history of default and lack of meritorious defense, the court denied her motion. The district court, reviewing this order under an abuse of discretion standard, found no abuse and affirmed.
 
 
 15
 In this court, Ms. Patmon does not address the district court's judgment. Instead, she argues the bankruptcy court applied no "legal standard" in granting the trustee's motion for reconsideration which led to the granting of partial summary judgment. She further maintains that the bankruptcy court "totally ignored" her argument that she had a good defense to the trustee's action.
 
 
 16
 The matter on appeal to us, however, is not the judgment of the bankruptcy court, but that of the district court. As a consequence, the only legal issue we face is whether the district court properly applied an abuse of discretion standard to the bankruptcy court's order. Unfortunately, Ms. Patmon does not address this question.
 
 
 17
 We conclude the district court properly applied an abuse of discretion standard to the review of the bankruptcy court's denial of the motion to reconsider. Committee For First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992) (applying a Rule 59(e) abuse of discretion standard to review of the denial of a motion for reconsideration). See also Anthony v. Baker, 767 F.2d 657, 666 (10th Cir.1985); Henry Van Hummell, Inc. v. Commissioner, 364 F.2d 746, 751 (10th Cir.1966), cert. denied, 386 U.S. 956 (1967). Moreover, even though it may be an abuse of discretion to enter judgment against a party for one default of an attorney, entry of judgment is not abusive after a history of such conduct. Smith v. United States, 834 F.2d 166, 171 (10th Cir.1987). Compare D G Shelter Prods. Co. v. Forest Prods. Co., 769 F.2d 644 (10th Cir.1985).
 
 
 18
 Our review of the record and the history of Ms. Patmon's dilatory and tardy responses in the bankruptcy court leads us to agree with the district court that the bankruptcy court's denial of her motion to vacate was not an abuse of discretion. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In her brief, Ms. Patmon refers to the motion as a "motion to reconsider" and as a "motion to vacate." The motion filed in the bankruptcy court is denominated "Motion to Vacate Or Obtain Relief From Judgment and to File Response After Expiration of Due Date, and Brief in Support Thereof."
 
 
 [2]
 The Bankruptcy Rule makes Rule 60 applicable in bankruptcy cases, with certain exceptions inapplicable here
 
 
 [3]
 Local Rule 12(d) provides that any "request for relief" which is unopposed within an applicable time period "will be deemed confessed."
 
 
 [4]
 Ms. Patmon sought and was granted an extension of time, but her response was not filed within the extended time. Indeed, it was 13 days late. Her premise of timeliness finds no support in the record