F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES W. CHESTER,

      Plaintiff-Appellant,

v.

LEE GREEN, Disciplinary Hearing
Officer, Federal Bureau of Prison, North
Central Region; KATHLEEN HAWKS,
Director, Federal Bureau of Prison,

      Defendants-Appellees.

No. 97-1064
(D.C. No. 96-WM-1544)
(District of Colorado)

---

**ORDER**

---

Before **SEYMOUR**, **PORFILIO**, and **MURPHY**, Circuit Judges.

---

This is an appeal from an order of the district court dismissing without prejudice

appellant's pro se civil rights case for failure to obtain service within 120 days after the

filing of the complaint. Fed. R. Civ. P. 4(m). Mr. Chester claims to have established

proof of service because he filed with the district court "certified mail receipts" which the

district court did not recognize. The "receipts" in the record purport to show payment of

postage for certified mail sent to Kathleen Hawks and Lee Green and delivery of certified

mail to Ms. Hawks. There is no authenticating post office stamp on any receipt showing

they actually passed through the mails, nor is there a receipt or acknowlegment showing

actual delivery of the complaint to the purported defendants. Moreover, there is nothing in the record indicating compliance with Fed. R. Civ. P. 4(i) pertaining to service upon officers of the United States. Because the action was dismissed without prejudice, Mr. Chester can file again and obtain proper service. We can find nothing erroneous in the disposition made by the district court.

Mr. Chester faults the district court for making no effort to "arbitrate the case" or "get the parties together on the phone to resolve the issue." Having chosen to file a civil action in the district court, Mr. Chester assumed the responsibility for complying with the rules of civil procedure. The first requirement of those rules is to obtain service on the defendants so the court would have jurisdiction over them. In the absence of such jurisdiction, the court had no authority over the defendants, even to the extent of "get[ting] the parties together."

Mr. Chester has failed to comply with this court's order to show cause why the appeal should not be dismissed for failure to pay the assessment of fees made by the clerk. In view of that failure the appeal is **DISMISSED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge