**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE W. WALKER,

    Plaintiff - Appellant,

v.

UNIVERSITY OF COLORADO BOARD
OF REGENTS,

    Defendant - Appellee.

No. 97-1388

(D.C. No. 97-Z-1119)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

Mr. George W. Walker (Plaintiff), a pro se litigant, appeals an order of the district

court dismissing this case for failure to effect service of process. Plaintiff filed suit

against the Defendant, the University of Colorado, on May 30, 1997, alleging

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (Title VII). Plaintiff asserts that Defendant's selection of John Buechner as the President of the University of Colorado violated his rights under Title VII. Plaintiff also claims that the University's actions deprived him of his rights to due process and equal protection under the Fourteenth Amendment. See Appellant/Petitioner's Opening Br. at 3.

On August 13, 1997, the district court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute, citing Plaintiff's failure to effect service of process. Plaintiff filed a response to this order asserting that he had personally delivered the complaint and other documents to Defendant. See R., Vol. I, Doc. 8. On September 26, 1997, Plaintiff filed a pleading which described another ineffective attempt to serve process on Defendant. See id. at Doc. 14. Judge Weinshienk dismissed the case without prejudice on October 10, 1997, pursuant to Federal Rule of Civil Procedure 4(m), because Plaintiff had failed to effect service of process. Plaintiff maintains that the dismissal of his action was improper and requests that he be allowed to file a response to Defendant's motion to dismiss with prejudice. See Appellant/Petitioner's Opening Br. at 1c.[1] In this appeal, Plaintiff also contends that Judge Weinshienk should have recused herself from this case pursuant to 28 U.S.C. § 455. See id. at 1b.

---

[1] Neither Defendant's motion to dismiss with prejudice nor a decision of the district court on that motion is in the Record on Appeal. Therefore, Plaintiff's request to respond to that motion is not properly before us, and we do not reach that issue.

Trial courts have the discretion to dismiss a case *sua sponte* for want of prosecution. See Fed. R. Civ. P. 4(m); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Joplin v. Southwestern Bell Tel. Co., 671 F.2d 1274, 1275 (10th Cir. 1982). We review the district court's dismissal for an abuse of that discretion. See Joplin, 671 F.2d at 1275. Federal Rule of Civil Procedure 4(c)(2) requires that service be effected by a non-party to the litigation. See Fed. R. Civ. P. (4)(c)(2). Therefore, Plaintiff's attempt to effect service of process himself is ineffective. Federal Rule of Civil Procedure 4(m) requires that service of the summons and complaint upon defendant be made within 120 days after the filing of the complaint, unless plaintiff shows good cause for the failure to effect service. See Fed. R. Civ. P. (4)(m). Plaintiff did not show good cause for his failure to effect service of process, and therefore was not entitled to an extension of time. See id.

Although no motion to recuse appears in the Record on Appeal, Plaintiff asserts in his Opening Brief that Judge Weinshienk should have recused herself from this case. See Appellant/Petitioner's Opening Br. at 1b. Because Plaintiff appears before us pro se, we construe his pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and review the issue of recusal. We review a district court's action on a motion to recuse only for an abuse of discretion. See United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992), cert. denied, 507 U.S. 1033 (1993). Plaintiff cites 28 U.S.C. § 455 in support of his allegation that Judge Weinshienk should have recused herself. See

3

Appellant/Petitioner's Opening Br. at 1b. This section requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Plaintiff states that the "Hon[orable] Judge [Weinshienk] has a cozy relationship with [Defendant]," and that the judge should have recused herself "rather than giving the appearance of entering into a collusive position of supporting CU's long-time pattern and practice of white supremacy and preferential treatment of rich Anglo males." Appellant/Petitioner's Opening Br. at 1b. Plaintiff also contends that "Judge Weinshienk does not value the word of a person of Mr. Walker's mixed-race ancestry." Appellant's Restatement of Facts at 2. Appellant's assertions, without any supporting evidence, do not provide a reasonable basis for this court to conclude that Judge Weinshienk should have recused herself. See David v. City & County of Denver, 101 F.3d 1344, 1350-51 (10th Cir. 1996), cert. denied, ___ U.S. ___, 118 S. Ct. 157 (1997); Willner v. University of Kansas, 848 F.2d 1023, 1027 (10th Cir. 1988), cert. denied, 488 U.S. 1031 (1989).

We therefore AFFIRM the decision of the district court to dismiss this case without prejudice. We note that because the case was dismissed without prejudice, Plaintiff may refile his case and obtain proper service. See Chester v. Green, 120 F.3d 1091, 1091 (10th Cir. 1997). Plaintiff's Request for Subpoenas and a Hearing is DENIED.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge