**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE W. WALKER,

     Plaintiff-Appellant,

v.

THE UNIVERSITY OF COLORADO
BOARD OF REGENTS,

     Defendant-Appellee.

No. 98-1240
(D.C. No. 97-Z-1119)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

On May 30, 1997, pro se litigant George W. Walker brought Civil Action

No. 97-Z-1119, a suit against the University of Colorado Board of Regents

("University") for its selection of John Buechner as President of the University.

Walker alleged discrimination under Title VII of the Civil Rights Act of 1964, 42

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2000e, and violations of his rights to due process and equal protection under the Fourteenth Amendment.[1] On October 10, 1997, pursuant to Federal Rule of Civil Procedure 4(m), the district court dismissed the case without prejudice because Walker had failed to effect service of process. On February 18, 1998, this court affirmed. Walker subsequently filed with the district court various motions and requests in the same case name and number.[2] On June 16, 1998, the district court found all pending motions to be moot since the case was closed and ordered that Walker submit "no more papers with the Court or Clerk's Office related to this closed case." This appeal followed.[3]

---

[1] This court affirmed summary judgment for the University in a similar suit that Walker filed against the University for its selection in 1994 of a different President and an Associate Vice President for Personnel and Human Resources. See Walker v. Univ. of Colo. Bd. of Regents, No. 94-1146, 1994 WL 722968 (10th Cir. Dec. 20, 1994).

[2] Walker filed five motions: (1) a "Motion For Clarification Of Standing" in which Walker asked for permission to file an injunction against the Colorado Commission on Higher Education; (2-3) two motions "To Enter Document[s] Into Exhibit"; (4) a "Motion For A Hearing With A N.A.A.C.P. Attorney Present"; and (5) a request that the court order the N.A.A.C.P. to represent Walker.

[3] Along with his appeal, Walker filed a "Motion For a Hearing With A Black Judge" and requested that the Honorable A. Leon Higginbotham, Jr. be appointed to hear Walker's case. These motions and requests are denied. While a litigant may seek a recusal for a judge shown to be impartial, biased, or prejudicial, see 28 U.S.C. §§ 455(a) & 455(b)(1), litigants have no right to demand that a particular judge hear their case. This court has already rejected Walker's recusal claim. See Walker v. Univ. of Colo. Bd. of Regents, No. 97-1388, 1998 WL 67321 at *2 (10th Cir. Feb. 18, 1998).

As a preliminary matter, the University argues that we do not have jurisdiction over Walker's appeal for two reasons: (1) the district court never had jurisdiction to issue its order on June 16, 1998 rejecting all pending and future motions from Walker because a notice of appeal had already been filed on October 16, 1997; (2) the district court order was not a final order. We hold that this court has jurisdiction to hear Walker's appeal. First, "[a]lthough filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over 'collateral matters not involved in the appeal.'" Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998) (quoting Garcia v. Burlington Northern R. Co., 818 F.2d 713, 721 (10th Cir. 1987). Walker's prior appeal dealt with the district court's determination that he failed to effect service of process. The district court's order rejecting all pending and future motions against Walker was wholly collateral to the merits of the underlying appeal. Thus, the district court retained jurisdiction to issue its order. Moreover, if a dismissal without prejudice is to be effective, the district court must retain residual jurisdiction to enforce the terms of the judgment and thereby reject any new motions filed in the dismissed case. Cf. Battle v. Anderson, 708 F.2d 1523, 1538-39 n. 4 (10th Cir. 1983) ("If an injunction is to be effective, a court must retain continuing jurisdiction to enforce ... the terms of its orders."). Second, the district court order is a final order. "[T]he fact that the

district court may retain jurisdiction over the parties to enforce its judgment does not convert the judgment to an interlocutory order for purposes of appeal. An order or judgment is final for purposes of appeal if it resolves all substantive issues on the merits and effectively ends the litigation." Tyler v. City of Manhattan, 118 F.3d 1400, 1402 n.1 (10th Cir. 1997) (internal citations omitted). Here, the district court's order both resolved all substantive issues on the merits and effectively ended the litigation by dismissing all pending and future motions by Walker.

This court has appellate jurisdiction to hear this appeal, and, after carefully reviewing the record, we conclude that the district did not err in its disposition. "A dismissal without prejudice terminates the action and 'concludes the rights of the parties in that particular action.'" United States v. California, 507 U.S. 746, 756 (1993); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2273 (3d ed. 1995) (a dismissal without prejudice is "a final termination of the present action"). The district court therefore properly found Walker's pending motions moot as Walker v. Univ. of Colo. Bd. of Regents, Civil Action No. 97-Z-1119, was terminated (i.e., dismissed without prejudice).[4]

---

[4] Walker asserts that such a holding contradicts this court's prior order and judgment in which we noted that "because [Walker's] case was dismissed without prejudice, [Walker] may refile his case and obtain proper service." Walker v. Univ. of Colo. Bd. of Regents, No. 97-1388, 1998 WL 67321, at *2 (10th Cir.
(continued...)

We therefore AFFIRM the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[4](...continued)
Feb. 18, 1998). This language, however, is consistent with our holding today as Walker has never refiled his case.